T.C. Memo. 2008-209


UNITED STATES TAX COURT


DIANE J. SANDERLIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13612-07.                    Filed August 28, 2008.


Diane J. Sanderlin, pro se.

<u>Nhi T. Luu</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


COHEN, <u>Judge</u>:  Respondent determined deficiencies and penalties with respect to petitioner's Federal income taxes as follows:

| Year | Deficiency | Penalty Sec. 6662(a) |
|------|-----------|----------------------|
| 2003 | $3,689 | $738 |
| 2004 | 3,389 | 678 |
| 2005 | 2,305 | 461 |

The issues for decision are whether petitioner is entitled to deductions reported on Schedules A, Itemized Deductions, attached to her returns, and whether she is liable for penalties determined by respondent.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.

### FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Oregon at the time that she filed her petition.

During 2003, 2004, and 2005 petitioner was employed as a licensed practical nurse.  Petitioner worked for multiple employers to whom she was referred by employment agencies.  Her income from employment was reported on her tax returns as wages and salaries.

On her Federal income tax returns petitioner reported adjusted gross income of $49,138 for 2003, $45,634 for 2004, and $34,015 for 2005.  On the Schedule A attached to each return, petitioner claimed job expenses and other miscellaneous deductions totaling $15,408 for 2003, $24,423 for 2004, and

$12,531 for 2005.  Also attached to each return was a Form 8283,
Noncash Charitable Contributions, in which the description of
items allegedly donated was shown as "Misc Household" or
"Household Misc", the dates of acquisition and contribution of
the items were omitted, and the value of each item was claimed as
"thrift shop value".  The "thrift shop value" claimed was
approximately 46 percent, 33 percent, and 24 percent of the
alleged purchase price for 2003, 2004, and 2005 deductions,
respectively.  The statutory notice of deficiency that is the
basis of this case disallowed the claimed deductions which remain
in dispute, as follows:

| Deductions | 2003 | 2004 | 2005 |
|---|---|---|---|
| Unreimbursed employee business expenses | $15,408 | $22,299 | $12,531 |
| Noncash charitable deduction | 6,500 | 7,200 | 4,923 |
| Cash charitable deduction | 2,500 | 3,500 | -0- |
| Medical expenses | 4,431 | 5,822 | -0- |

Petitioner's returns for the years in issue were prepared by
Demara Guaspari, also known as Demara Lucker, a return preparer
in Clackamas, Oregon.  For the preparation of her returns,
petitioner provided the preparer with only a handwritten summary
of deductions and amounts of deductions to be claimed.

Petitioner shredded original receipts and other records of
her deductions after entering them on a computer program,
Quicken.  She provided neither receipts nor a computer printout
to her preparer, and she did not produce any receipts or other

corroborating documents during the subsequent examination of her returns by the Internal Revenue Service, during pretrial proceedings in this case, or during trial. Because of petitioner's lack of cooperation during the audit, the examiner issued a summons to compel testimony and production of documents. Because petitioner failed to appear in response to the summons, an action was commenced in Federal district court.

Petitioner did not make a reasonable attempt to reconstruct the expenses claimed on her tax returns for 2003, 2004, and 2005. She refused to secure copies of canceled checks because she did not want to pay the $2 per check fee that would have been charged by her bank.

### OPINION

The facts found above are sparse because petitioner failed to provide any explanation of the items that she claimed as deductions on her tax returns. The findings include, however, facts occurring during and after the examination of her returns because this case depends entirely on the credibility of petitioner. Because she did not retain required records, did not cooperate with reasonable requests for records, and did not introduce credible evidence with respect to the disputed deductions, the burden of proof remains with her. See sec. 7491(a); Rockwell v. Commissioner, 512 F.2d 882, 885 (9th Cir. 1975), affg. T.C. Memo. 1972-133. For the reasons set forth

below, we conclude that her testimony is not reliable and that she is not entitled to any of the deductions in issue.

Petitioner testified that she shredded all original documents reflecting deductible expenditures after making entries on her computer and that the computer was stolen. Her testimony failed to identify any specific expenses which she was entitled to deduct, and she had not made reasonable attempts to reconstruct the missing records. She claimed that she was a traveling nurse incurring mileage and "nursing items", but she did not even suggest that she maintained a log of her mileage or other required records. She claimed that she had been following the same format for many years and had not had a problem with her tax reporting before. She suggested that the Court allow her deductions under the rule of Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).

The so-called Cohan rule is that, when a taxpayer adequately establishes that he or she paid or incurred a deductible expense but does not establish the precise amount, we may estimate the allowable deduction, bearing heavily against the taxpayer whose inexactitude caused the inadequacy of the evidence. Id. Estimates are not permitted with respect to vehicle expenses and other types of expenses covered by section 274(d). See Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. 412 F.2d 201 (2d Cir. 1969). In any event, there must be sufficient evidence

in the record to provide a basis upon which an estimate may be made and to permit us to conclude that a deductible expense was incurred in at least some amount.  No such evidence has been presented here.  Petitioner admittedly shredded the original records, and the alleged loss of records does not excuse the necessity of production of evidence.  See, e.g., <u>Malinowski v. Commissioner</u>, 71 T.C. 1120, 1124-1125 (1979); <u>Priestly v. Commissioner</u>, T.C. Memo. 2003-267, affd. 125 Fed. Appx. 201 (9th Cir. 2005).

Moreover, we are not required to accept testimony that is improbable or vague.  <u>Geiger v. Commissioner</u>, 440 F.2d 688, 689-690 (9th Cir. 1971), affg. T.C. Memo. 1969-159.  Petitioner's claimed deductions against her reported income were so large as to be improbable.  Her destruction of evidence and failure to make a reasonable attempt to identify specific items suggests that her claimed deductions were exaggerated and perhaps fabricated.  We are certainly not persuaded that the amounts claimed were incurred.

Section 6662(a) imposes a 20-percent accuracy-related penalty on the portion of an underpayment of tax attributable to any one of various factors, including negligence or disregard of rules or regulations.  See sec. 6662(b)(1).  Under section 7491(c), respondent bears the burden of production with regard to penalties and must come forward with sufficient evidence

indicating that it is appropriate to impose the penalty.  <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001).  However, once respondent has met the burden of production, the burden of proof remains with the taxpayer, including the burden of proving that the penalty is inappropriate because of reasonable cause or substantial authority.  <u>Id.</u> at 446-447.

Respondent's burden of production is met by showing petitioner's negligence and disregard for rules and regulations through her failure to maintain records to support the deductions claimed, as required by section 6001.  Petitioner's lack of compliance justifies the imposition of the section 6662(a) penalty in this case.

To reflect the foregoing,

<u>Decision will be entered for</u><br><u>respondent</u>.